# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 19-05042-01-CR-SW-RK |
| MAHAMUD TOOXOOW MAHAMED, ) | |
| Defendant. ) | |

## **REPORT & RECOMMENDATIONS**

Before the Court is Defendant's Motion to Dismiss Indictment. (Doc. 28.) This action has been referred to the undersigned for the purpose of submitting a report on all pretrial motions to dismiss. The Government filed Suggestions in Opposition to the Motion, and Defendant filed a Reply. (Docs. 31, 32.) As follows, it is **RECOMMENDED** that the Motion be **DENIED**.

Defendant has been charged by Indictment with kidnapping of a minor in violation of 18 § U.S.C. 1201. (Doc. 2). Specifically, the Indictment states:

> Beginning on an unknown date, but at least as early as July 16, 2019, through August 8, 2019, said dates being approximate, in McDonald County, and elsewhere in the Western District of Missouri, MAHAMUD TOOXOOW MAHAMED, the defendant, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, and hold for ransom, reward, or otherwise, Jane Doe 1, who had not yet attained the age of 18 years, and in committing or in furtherance of the commission of the offense, did willfully transport Jane Doe 1 in interstate or foreign commerce from the state of Missouri to the State of Iowa, all in violation of 18 U.S.C. § 1201(a)(1) and (g).

*Id*.

Defendant argues that the Indictment fails to state an offense because it fails to state (1) who the parents of the minor, Jane Doe, are; (2) whether consent was given or not by a parent to

1

the actions alleged in the Indictment; and (3) that the Defendant is or is not a parent of the minor. (Doc. 28 at5).

In evaluating pretrial motions to dismiss an indictment, the court makes its determination from the face of the indictment. *See United States v. Hansmeier*, 988 F.3d 428, 433–47 (8th Cir. 2021).

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which [s]he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution.

*United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993). Federal Rule of Criminal Procedure 12(b)(3)(B)(v) authorizes dismissal of an indictment if its allegations fail to state an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges. *See United States v. Sampson,* 371 U.S. 75, 78–79 (1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense."). Rule 12(b)(3)(B) further notes that a motion to dismiss the indictment must be raised by pretrial motion if the motion can be determined "without a trial on the merits." There is no summary judgment procedure in criminal cases nor do the rules provide for a pre-trial determination of the sufficiency of the evidence. *See United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995).

The Indictment against Defendant contains all the essential elements of kidnapping and is in turn sufficient. The statute criminalizing kidnapping, 18 § U.S.C. 1201, states:

> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—
> (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign

2

commerce in committing or in furtherance of the commission of the offense;

The Supreme Court has noted "that the kidnapped victim shall have been (1) unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away by any means whatsoever and (2) held for ransom or reward or otherwise." *Chatwin v. United States*, 326 U.S. 455, 459 (1946) (cleaned up). Contrary to Defendant's argument, the parental exception is not considered an essential element of kidnapping, but rather is treated as an affirmative defense. *Miller v. United States*, 123 F.2d 715, 718 (8th Cir. 1941) ("The burden was on the defendant to bring himself within the exception."); see also *Bistram v. United States*, 237 F.2d 243, 245 (8th Cir. 1956) ("If the words constituting the exception were omitted from the statute the crime of kidnapping would still by [sic] fully defined. . . . The generally accepted rule is that the exception need not be negatived [in an indictment] unless it is an essential element in the statutory definition of the crime.").

Here, the Indictment tracks the language of the statute and sufficiently identifies the essential elements of kidnapping under 18 § U.S.C. 1201. And, whether or not Defendant is a parent of the minor child is an evidentiary question to be determined by the fact finder at a trial on the merits. Accordingly, Defendant has failed to show that the Indictment fails to state an offense, and the Motion to Dismiss Indictment should be **DENIED**. This recommendation does not preclude Defendant from raising the parental exception as an affirmative defense at a trial on the merits, but under Rule 12 it cannot be raised properly via pretrial motion.

/s/ David P. Rush
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 17, 2022