IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-05042-01-CR-SW-RK |
| | ) | |
| MAHAMUD TOOXOOW MAHAMED, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATIONS

Before the Court is Defendant's Motion to Dismiss Count Three Under Fed. R. Crim. P 12(b)(1). (Doc. 77.) This action has been referred to the undersigned for the purpose of submitting a report on all pretrial motions to dismiss. The Government filed Suggestions in Opposition to the Motion. (Doc. 99.) As follows, it is **RECOMMENDED** that the Motion be **DENIED**.

Defendant has been charged by Superseding Indictment with kidnapping of a minor in violation of 18 U.S.C. § 1201. (Doc. 53.) Specifically, Count Three of the Indictment states:

> Beginning on an unknown date, but at least as early as July 16, 2019, through August 8, 2019, said dates being approximate, in McDonald County, and elsewhere in the Western District of Missouri, MAHAMUD TOOXOOW MAHAMED, the defendant, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, and hold for ransom, reward, or otherwise, Jane Doe 1, who had not yet attained the age of 18 years, and in committing or in furtherance of the commission of the offense, did willfully transport Jane Doe 1 in interstate or foreign commerce from the state of Missouri to the State of Iowa, all in violation of 18 U.S.C. § 1201(a)(1) and (g).

*Id.*

Section 1201(a)(1), however, does not apply to kidnapping "in the case of a minor by the parent thereof." Defendant argues that Count Three must be dismissed because Defendant "qualifies as the 'parent' of the minor victim, Jane Doe 1, and his parental rights with respect to Jane Doe 1 have not been terminated." (Doc. 77 at 1.) Defendant contends that "[a]s a matter of law, the government cannot prove a violation of the charges in Count Three." *Id.* In support, Defendant asserts that "the relevant undisputable

facts are that [Defendant] is the biological parent of Jane Doe 1 and his parental rights with respect to Jane Doe 1 have not been terminated by final court order." *Id.*

Rule 12(b)(1), the general rule governing pretrial motions, states, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A pretrial resolution of a Rule 12(b) motion to dismiss is only authorized "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Turner*, 842 F3d 602, 604-05 (8th Cir. 2016).

Defendant contends that Fed. R. Crim. P. 12(b)(1) requires dismissal of Count Three because the facts regarding Defendant's status as the biological parent of Jane Doe 1 are undisputed, and the Government cannot prove as a matter of law that Defendant is not the parent of Jane Doe 1. (Doc. 77.) The undersigned views the Motion as one for summary judgment on this issue.[1] However, there is "no equivalent in criminal procedure to the motion for summary judgment that may be made in a civil case." *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). As the Eighth Circuit stated in *Ferro*:

> In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.... [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.

252 F.3d 964, 968 (8th Cir. 2001).

The Eighth Circuit held that the parental exception to § 1201 is an affirmative defense, and the defendant carries the burden to bring himself within the exception. *Miller v. United States*, 123 F.2d 715, 718 (8th Cir. 1941). Here, Defendant has not met his burden to bring himself within the exception based solely on his contention that the relevant facts are uncontroverted, and his "predictions as to what the trial evidence will be." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001). Further, even if a summary

---

[1] Rule 56 of the Federal Rules of Civil Procedure provides, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

judgment motion could be properly raised as a pretrial motion here, this motion does not meet the most basic requirement of Rule 12(b)(1), because it cannot be determined without a trial on the merits. Contrary to Defendant's assertions regarding undisputable facts, the Government states that it "strongly disputes that the defendant was a 'parent' of Jane Doe 1 who is exempted from liability for kidnapping under § 1201(g)," and "[t]he defendant's assertion that the government 'does not dispute the pertinent facts' is false." (Doc. 99 at 14.) Thus, a trial of the facts surrounding the commission of the alleged offense is necessary to determine the validity of this alleged affirmative defense.

Accordingly, the Motion to Dismiss Count Three Under Fed. R. Crim. P 12(b)(1) should be **DENIED**. This recommendation does not preclude Defendant from raising the parental exception as an affirmative defense at a trial on the merits, but under these circumstances it cannot be raised properly via pretrial motion.

/s/ David P. Rush_____
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: January 30, 2025