IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cr-05042-RK |
| ) | |
| MAHAMUD TOOXOOW MAHAMED, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 110) to deny Defendant Mahamud Tooxoow Mahamed's Motion to Dismiss Count 3 of the Superseding Indictment (Doc. 77). Count 3 of the Superseding Indictment charges Defendant Mahamed with kidnapping of a minor in violation of 18 U.S.C. § 1201(a) and (g). Defendant Mahamed seeks pretrial dismissal of Count 3 under Federal Rule of Criminal Procedure 12(b)(1) because he is the biological father of the alleged minor kidnapping victim. Defendant Mahamed filed an objection to the Magistrate Judge's Report and Recommendation. (Doc. 117.) The United States did not file a response. The Court reviews the motion to dismiss de novo. 28 U.S.C. § 636(b)(1). After careful consideration and review, the Court **ORDERS** that: (1) the Report and Recommendation (Doc. 110) is **ADOPTED**; (2) Defendant Mahamed's objection (Doc. 117) is **OVERRULED without prejudice**; and (3) Defendant Mahamed's motion to dismiss under Rule 12(b)(1) based on the parental exemption affirmative defense under 18 U.S.C. § 1201(a) (Doc. 77) is **DENIED without prejudice**.

## Discussion

Count 3 of the Superseding Indictment charges Defendant Mahamed with kidnapping of a minor as follows:

> Beginning on an unknown date, but at least as early as July 16, 2019, through August 8, 2019, said dates being approximate, in McDonald County, and elsewhere in the Western District of Missouri, MAHAMUD TOOXOOW MAHAMED, the defendant, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, and hold for ransom, reward, or otherwise, Jane Doe 1, who had not yet attained the age of 18 years, and in committing or in furtherance of the commission of the offense, did willfully transport Jane Doe 1 in interstate or foreign commerce

from the State of Missouri to the State of Iowa, all in violation of Title 18, United States Code, Sections 1201(a)(1) and (g).

(Doc. 53 at 2-3.)[1]

The federal statute that makes unlawful the kidnapping of a minor child, 18 U.S.C. § 1201, contains a statutory exemption or "statutory immunity" when the alleged kidnapper is a "parent." *See United States v. Boettcher*, 780 F.2d 435, 437 (4th Cir. 1985). Specifically, § 1201(a) makes it a federal crime to "seize[], confine[], inveigle[], decoy[], kidnap[], abduct[], or carr[y] away and hold[] for ransom or reward or otherwise any person, *except in the case of a minor by the parent thereof* . . . ." (Emphasis added). Subsection (g) of § 1201 provides for a mandatory minimum sentence of 20 years' imprisonment when the victim is a minor child *unless* the offender is one of several enumerated familial relations, including "a parent," or is "an individual having legal custody of the victim." Finally, § 1201(h) provides as follows: "As used in this section, the term 'parent' does not include a person whose parental rights with respect to the victim of an offense under this section have been terminated by a final court order."

Defendant Mahamed seeks pretrial dismissal of Count 3 pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure because he is the biological father of Jane Doe 1. Rule 12(b)(1) provides as follows: "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12(d) instructs that courts "must decide every pretrial motion before trial unless it finds good cause to defer a ruling," but that "[t]he court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal." Rule 12(d) also states: "When factual issues are involved in deciding a motion, the court must state its essential findings on the record."

The Eighth Circuit has explained that a pretrial motion under Rule 12(b)(1) is "capable of pretrial determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the motion." *United States v. Turner*, 842 F.3d

---

[1] In Counts 1 and 2 of the Superseding Indictment, Defendant Mahamed is charged with kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) and (c) (Count 1), and stalking resulting in death, in violation of 18 U.S.C. §§ 2261A(2)(A) and (B) and 2261(b)(1) (Count 2), both as to an individual, J.M. The initial Indictment in this case charged Defendant Mahamed only with kidnapping of a minor, Jane Doe 1, as now charged in Count 3 of the Superseding Indictment. (Doc. 2.) The Court previously found, adopting the Report and Recommendation of the Magistrate Judge, that as to the kidnapping of a minor charge, the Indictment did not fail to state an offense, did not lack specificity, and was legally sufficient on its face. (Docs. 33, 35 (denying Defendant Mahamed's pretrial motion to dismiss the Indictment under Rule 12(b)(3)(B)(iii) and (v)).)

2

602, 604 (8th Cir. 2016).  While the Court "may consider evidence beyond the pleadings to make factual findings in pretrial orders," the Court is not permitted to "make factual findings when an issue is inevitably bound up with evidence about the alleged offense itself."  *Id.* (citations and quotation marks omitted).  In other words, in ruling on a pretrial motion, the Court may not make "factual determinations that fall within the province of the ultimate finder of fact."  *Id.* (citation and quotation marks omitted); *see United States v. Baxter*, 127 F.4th 1087, 1091 (8th Cir. 2025) (suggesting that pretrial resolution of a legal issue in a criminal case "may be appropriate" when (1) "the relevant factual evidence is undisputed in the sense that it is *agreed to* by the parties . . . because a trial of the general issue would serve no purpose," and (2) so long as the legal issues presented can be determined by the district court "without making any factual findings") (citation and quotation marks omitted).

In *United States v. Ferro*, 252 F.2d 964 (8th Cir. 2001), which the United States cites in its opposition to Defendant Mahamed's Rule 12(b)(1) motion to dismiss, the Eighth Circuit recognized that there is "no corollary in criminal cases" to a Rule 56 motion for summary judgment in civil cases to "test, pretrial, the sufficiency of the evidence to establish triable issues of fact." *Id.* (citation and quotation marks omitted).  Instead, in the criminal context, "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion of acquittal pursuant to Federal Rule of Criminal Procedure 29."  *Id.* (citation and quotation marks omitted).  In short, an indictment may not be dismissed "on the basis of predictions as to what the trial evidence will be."  *Id.* (citation and quotation marks omitted).

The United States argues that pretrial dismissal under Rule 12(b)(1) is not appropriate here for two reasons.  First, it argues that pretrial dismissal is not permitted because "whether the defendant is or is not a 'parent' is an affirmative defense, not an essential element of the charge," but instead is an "evidentiary issue for the trier of fact to be determined upon a trial of the merits." (Doc. 99 at 5, 13.)  Second, the United States emphasizes that it "does not concede that the defendant was a 'parent' of Jane Doe 1."  (*Id.* at 13.)  Defendant Mahamed argues that the only issue presented at this pretrial stage is a legal one:  whether as the biological father of Jane Doe 1, he is exempt from criminal liability under § 1201(a) and (g) for the alleged kidnapping of Jane Doe 1.

The Court notes that in its opposition to Defendant Mahamed's motion to dismiss, the United States concedes *as a fact* that DNA testing performed by the FBI laboratory in this case

3

concluded on February 11, 2022, that Defendant Mahamed is the biological father of Jane Doe 1 to a more than 99.9 percent probability of paternity. (Doc. 99 at 20.) Given this concession, it is unclear what the United States means when it says that it does not concede that Defendant Mahamed is a parent of Jane Doe 1. As best as the Court can discern, what the United States appears to mean is that it does not concede that Defendant Mahamed is entitled to the parental exemption immunity, i.e., that the United States does not concede that Defendant Mahamed is a "parent" under § 1201 in the legal (statutory interpretation) sense, rather than contesting that Defendant Mahamed is a "parent" in the factual sense (i.e., in that it concedes that Defendant Mahamed is a biological parent of Jane Doe 1, as confirmed by FBI DNA testing in this case). Nevertheless, the Court also recognizes that the United States asserts, relevant to the legal/statutory interpretation question, that Defendant Mahamed "had no knowledge he was the biological father of Jane Doe 1 at the time of the offense." (Doc. 99 at 20.)

It is also not entirely clear whether the United States' argument is that Defendant Mahamed did not "know" he was Jane Doe 1's biological father in a scientific-sense (i.e., only that he had not had DNA testing done to confirm the biological-parent status) or that he did not "know" he was Jane Doe 1's biological father in a broader sense (i.e., that he did not suspect, was not aware, or did not believe himself to be Jane Doe 1's (biological) father). Because of the limited nature of pretrial review that is permitted under the Federal Rules of Criminal Procedure, for purposes of considering the instant motion to dismiss, the Court considers the United States' statement in this regard as including the broader assertion and not just that Defendant Mahamed did not "know" in a scientific sense that he was Jane Doe 1's biological father. Defendant Mahamed's response is consistent with this understanding, to the extent he argues that the evidence in this case shows that others knew or believed he was the biological father of Jane Doe 1 and that he "did in fact act as a parent" to Jane Doe 1. (Doc. 117 at 5, 5.) For his part, Defendant Mahamed suggests that these facts are not relevant to deciding the instant motion to dismiss; the Court disagrees.

To be sure, the issue that Defendant Mahamed identifies to be resolved in this case as to Count 3 of the Superseding Indictment is a legal question grounded in statutory interpretation: Is Defendant Mahamed, as the biological father of Jane Doe 1, exempt from criminal liability for allegedly kidnapping Jane Doe 1to the extent the federal kidnapping statute exempts from federal criminal liability a "parent" from kidnapping a minor child? The Court is persuaded, as demonstrated by the parties' briefing and arguments as to the motion to dismiss, that the answer to

4

this question of law ultimately turns on a more nuanced consideration of the facts than Defendant Mahamed suggests.

The facts above—including what Defendant Mahamed (and possibly what others) knew or believed or were aware of at the time—are necessary to fully consider the parties' arguments as to the correct statutory interpretation of the federal kidnapping statute as applied to Defendant Mahamed. *See also United States v. Brown*, 330 F.3d 1073, 1078 (8th Cir. 2003) (recognizing that a "parent-by-consent defense [under § 1201(a)] is obviously fact intensive"). Thus, this is not the extraordinary criminal case in which a pretrial motion to dismiss can be adjudicated before a trial on the merits. Rather, here, a trial of the facts surrounding the charged offense will have bearing on the answer and will be of assistance in determining the validity of Defendant Mahamed's argument under the plain language of the parental exemption set forth in the federal kidnapping statute. In short, a trial on the merits is required and is proper to address the issue raised in Defendant Mahamed's pretrial motion to dismiss and the United States is entitled to present its evidence in that forum.

## Conclusion

The Court fully agrees with the Report and Recommendation that the pretrial motion to dismiss under Rule 12(b)(1) must be denied. The Court similarly reiterates that nothing in this Order precludes Defendant Mahamed from raising and pursuing the parental exemption as an affirmative defense at a trial on the merits as to Count 3 of the Superseding Indictment, charging him with the kidnapping of Jane Doe 1 in violation of 18 U.S.C. § 1201(a) and (g). Accordingly, the Court **ORDERS** that: (1) the Report and Recommendation (Doc. 117) is **ADOPTED**; (2) Defendant Mahamed's objection to the Report and Recommendation (Doc. 117) is **OVERRULED without prejudice**; and (3) Defendant Mahamed's motion to dismiss (Doc. 53) is **DENIED without prejudice**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 7, 2025